IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| USAA GENERAL INDEMNITY COMPANY )<br>as subrogee of Alan and Michelle Gilmore, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>GREE USA, INC., )<br>and MJC AMERICA, LTD. )<br> )<br>Defendants. ) | No:<br><br>**JURY DEMAND** |

## **COMPLAINT**

NOW COMES Plaintiff, USAA General Indemnity Company as subrogee of Alan and Michelle Gilmore, by and through its attorneys, Cozen O'Connor, and for its Complaint against Defendants Gree USA, Inc. and MJC America, Ltd. states as follows:

## **PARTIES**

1. Plaintiff USAA General Indemnity Company ("USAA" or "Plaintiff") was and is a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business located at 9800 Fredericksburg Road, San Antonio, Texas, and at all times relevant hereto was duly authorized to issue insurance policies in the State of Iowa.

2. At all times relevant, Plaintiff's insureds, Alan and Michelle Gilmore ("Gilmore") were residents and citizens of the State of Iowa with a residence at 23258 Highway S56, Eldora, Iowa 50627 (the "Premises").

3. Defendant Gree USA, Inc. ("Gree") is, upon information and belief, a California corporation with a principal place of business at 4195 Chino Hills Parkway #1026, Chino Hills, California 91709. At all times relevant hereto, Gree was engaged in the business of designing, manufacturing, distributing, selling, and/or supplying dehumidifiers in and throughout the United States, including the State of Iowa.

4. Defendant, MJC America, Ltd. ("MJC") is, upon information and belief, a California corporation with a principal place of business located at 20035 East Walnut Drive

North, City of Industry, California 91789. At all times relevant hereto, MJC was engaged in the business of designing, manufacturing, distributing, selling, and/or supplying dehumidifiers in and throughout the United States, including the State of Iowa.

## JURISDICTION & VENUE

5. Jurisdiction is proper based upon the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. Venue is proper in the Northern District of Iowa, Cedar Rapids Division pursuant to 28 U.S.C. § 1391 because it is the judicial circuit in which a substantial part of the events giving rise to the claim occurred.

## COMMON ALLEGATIONS

7. At all times relevant, USAA provided property insurance to Gilmore with respect to his real and personal property at the Premises, as well as additional living expenses.

8. On or before October 27, 2019, Gilmore owned a "Soleus Air by Gree" dehumidifier designed, manufactured, marketed, distributed, and/or sold by Defendants Gree and MJC ("the Dehumidifier").

9. At all times relevant, the Dehumidifier was in substantially the same condition as when introduced into the stream of commerce by Defendants.

10. On or about October 27, 2019, the Dehumidifier caught fire in the basement of the Premises.

11. The fire caused substantial damage and destruction to Gilmore's real and personal property, as well as emergency expenses and additional living expenses.

12. As a result of the fire, Gilmore made a claim to USAA pursuant to his insurance policy, and USAA reimbursed Gilmore for those claims in an amount in excess of $228,000.00.

13. By virtue of its payments, USAA is now legally, equitably, and contractually subrogated to Gilmore's claims against any responsible third parties, including the Defendants.

## COUNT I
### (Products Liability v. Defendants)

14. Plaintiff incorporates paragraphs 1-13 by reference as if set forth at length herein.

15. The Defendants designed, manufactured, marketed, distributed, sold, and/or placed into the stream of commerce the Dehumidifier.

16. The Dehumidifier was defective and unreasonably dangerous at the time it left the Defendants' control.

17. The Dehumidifier was expected to and did reach the consumer, Gilmore, without substantial change and remained in substantially the same condition and without any material alterations from the time it was sold until the date of the fire.

18. The Dehumidifier was used for its intended purpose and/or for a purpose that was reasonably foreseeable by the Defendants.

19. The Dehumidifier was defective in design and/or manufacture in that it could overheat, smoke and catch fire, posing fire and burn hazards to consumers.

20. The Dehumidifier was defective in design and/or manufacture in that it deviated in a material way from its manufacturing performance standards and/or deviated in a material way from otherwise identical units manufactured to the same design.

21. The Dehumidifier was defective in design and/or manufacture in that when it left the Defendants' custody and control, the foreseeable risks and dangers exceeded the benefits associated with the design and manufacture and/or the design and manufacture was more dangerous than an ordinary consumer would expect when used in its intended and reasonably foreseeable manner.

22. The Dehumidifier was defective due to inadequate warning or instruction.

23. The Defendants knew or should have known of the defects in the Dehumidifier, and failed to address the defects or otherwise warn consumers.

24. As a direct and proximate cause of the defective and unreasonably dangerous condition of the Dehumidifier, the fire occurred, causing extensive damage to the real and personal property of Gilmore.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendants Gree and MJC for the damages alleged, for pre-verdict interest and/or post-verdict interest, and for all other costs allowed by law.

## COUNT II
### (Negligence v. Defendants)

25. Plaintiff incorporates paragraphs 1-13 by reference as if set forth at length herein.

26. The Defendants designed, manufactured, marketed, distributed, sold, and/or placed the Dehumidifier into the stream of commerce.

27. At all relevant times, the Defendants owed Plaintiff and Gilmore a duty to use reasonable care in the design, manufacturing, assembly, and sale of the Dehumidifier, so that the Dehumidifier was safe and free of defects.

28. The fire and resulting damage was the result of a malfunction in the Dehumidifier in the course of its ordinary use.

29. The malfunction of the Dehumidifier was due to a defective condition in the Dehumidifier in that it could overheat, smoke and catch fire, posing fire and burn hazards to consumers.

30. The Dehumidifier contained the defects when it left the Defendants' possession and control.

31. The Defendants had a duty to warn persons who might reasonably use their dehumidifiers of dangerous defects in its products.

32. It was foreseeable to the Defendants that if the Defendants designed, manufactured, distributed, and sold a defective dehumidifier and/or if the Defendants failed to warn of such defect, purchasers of such defective products could incur personal injury or property damage.

33. Gilmore used the subject Dehumidifier for its intended and/or reasonably foreseeable purpose.

34. The Defendants breached its duties by designing, manufacturing, marketing, distributing, and selling the Dehumidifier with the dangerous defect and/or by failing to warn of the defect and/or by failing to adopt a safer, practical, feasible, or otherwise reasonable alternative

design that could have been reasonably adopted that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the Dehumidifier.

35. As a direct and proximate result of the Defendants' negligence, carelessness, and recklessness, a fire started in the basement of the Premises and caused substantial damage to Gilmore's real and personal property.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendants Gree and MJC for the damages alleged, for pre-verdict interest and/or post-verdict interest, and for all other costs allowed by law.

## JURY DEMAND

Plaintiff demands the empaneling of a lawful jury to hear all triable issues in this case.

Dated: June 22, 2021                                Respectfully Submitted,


By: /s/ Kevin J. Driscoll

Kevin J. Driscoll
Finley Law Firm, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA 50309
Phone: 515.288.0145
kdriscoll@finleylaw.com

and

Marisa L. Saber (*to apply for PHV admission*)
Cozen O'Connor
123 N. Wacker Dr., Suite 1800
Chicago, Illinois 60606
Phone: (312) 382-3100
Fax: (312) 382-8910
msaber@cozen.com
**Attorneys for Plaintiff**